IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Melvin Monroe Lambert, <br><br> Plaintiff, <br><br> v. <br><br> Centerra Group, Inc., United Professional Pro-Force of Savannah River Local 125, <br><br> Defendant. | Civil Action No. 1:18-cv-520-TLW <br><br><br> **Order** |

Plaintiff brings this action pursuant to 42 U.S.C. § 1981, alleging that Defendant discriminated and retaliated against him because of him race. He also asserts state law claims for breach of contract, civil conspiracy, and negligent supervision. ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Paige Gossett, ECF No. 51. In the Report, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment, ECF No. 36, be granted. The Plaintiff filed objections to the Report. ECF No. 53. The Defendant replied to the objections. ECF No. 54. This matter is ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636

In light of this standard, the Court has carefully reviewed the Report, objections thereto, the relevant filings, and the applicable law. After careful consideration, the Court accepts the detailed legal analysis by the Magistrate Judge.

The Court will highlight certain facts important to its decision to accept the detailed Report submitted by the Magistrate Judge:

1. The Plaintiff entered into a last chance agreement based on improper conduct toward a female employee (R. at 2);
2. In January 2017, the Plaintiff was disciplined for being inattentive at his duty station—allegedly for sleeping (R. at 2);
3. While the Plaintiff contends he was reading not sleeping, he conceded in his testimony at the arbitration hearing that he was inattentive, and discharged for "inattention to duty of a more serious nature." (R. at 3, n. 3).

Certain language in the Report warrants inclusion in this Order. The Court notes the analysis by the Magistrate Judge concluding that Plaintiff "Lambert cannot show that Centerra's proffered reason for his termination—inattention to duty—was a pretext for retaliation." (R. at 13). Further, the Report states the Plaintiff offers "no evidence that the individuals who decided to terminate him did not honestly believe he was inattentive to duty." *Id.* The Report also states that "Centerra has painstakingly explained, applying Fourth Circuit law, why those proffered comparators are not meaningful…many of the employees identified by Lambert…are themselves African American." (R. at 11-12).

While it is unfortunate that the Plaintiff lost his position after many years of employment, the Plaintiff's objections to the Report do not offer facts that change the analysis or conclusions reached by the Magistrate Judge that the reason for termination was inattention to duties as a security officer in Centerra's protective force at the Savannah River Site. The facts do not show an unlawful motive was the basis for termination.

The Court has also carefully reviewed the additional briefing in this case in light of the analysis set forth in the Report from the Magistrate Judge. For the reasons stated in the Report and herein, the Plaintiff's objections are overruled, the Court hereby **ACCEPTS** the Report, ECF No. 51, and Defendant's Motion for Summary Judgment, ECF No. 36, is **GRANTED**.

**IT IS SO ORDERED**.

    ___s/Terry L. Wooten_____
    Senior United States District Judge

March 6, 2020
Columbia, South Carolina